UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONATE C2C, INC., a California Corporation,<br><br>                              Plaintiff,<br><br>v.<br><br>EXPRESS LOGISTICS, INC., an Iowa Corporation, et al.<br><br>                              Defendants. | Case No.: 23-cv-01917-DMS-BLM<br><br>**ORDER GRANTING DEFENDANTS AAA TRANSPORTATION & CLEAR LANE FREIGHT SYSTEM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Pending before the Court is Defendant AAA Cooper Transportation, Inc.'s ("Defendant AAA") motion to dismiss Plaintiff Ronate C2C, Inc.'s Complaint for failure to state a claim (ECF No. 4.) Defendant Clear Lane Freight System, Inc. ("Defendant Clear Lane") joined Defendant AAA's motion to dismiss. (ECF No. 5.) Plaintiff filed an opposition, (ECF No. 9), and Defendants AAA and Clear Lane filed replies. (ECF No. 10, 11.) Defendant Express Logistics, Inc. ("Defendant Express Logistics") has not made an appearance in the matter. For the following reasons, Defendant AAA and Clear Lane's motion to dismiss is granted.

## I.   BACKGROUND

Plaintiff is a distributor of chemical supplies, equipment, and related services. Plaintiff and Defendant Express Logistics entered into a brokerage agreement in which

Defendant Express Logistics "promised to identify and locate reputable, but cost-effective, carriers for Plaintiff's shipping needs." (Opp'n at 2.) In accordance with the agreement, on August 2, 2022, Plaintiff asked Defendant Express Logistics to arrange for shipping of a $14,000 Rectifier from San Diego, California, to Plaintiff's client located in Sparks, Nevada. Per Defendant Express Logistics' recommendation, Plaintiff hired Defendant Clear Lane to ship the goods. However, Plaintiff contends that Defendant Clear Lane subcontracted with Defendant AAA to serve as Plaintiff's carrier without Plaintiff's knowledge or consent.

On August 26, 2022, Plaintiff discovered that the Rectifier was not delivered to their client. Defendant Express Logistics informed Plaintiff the Rectifier was lost. Plaintiff filed an insurance claim and recovered $3,600; however, Plaintiff claims this amount does not satisfy Plaintiff's actual damages of $14,000. Thus, Plaintiff filed a claim for breach of contract against Defendant Express Logistics and a claim for negligence against all Defendants in the Superior Court of California, County of San Diego. Defendant AAA filed a Notice of Removal to this Court because Defendant contends Plaintiff's claims are preempted by the Carmack Amendment, 49 U.SC. § 14706.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If Plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.* at 570.

In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

When a court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and "this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). A court should grant leave to amend where there is no (1) "undue delay," (2) "bad faith or dilatory motive," (3) "undue prejudice to the opposing party" if amendment were allowed, or (4) "futility" in allowing amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Group, Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

To render a binding judgment, the Court must have subject matter jurisdiction over the underlying claim. "Under 28 U.S.C. § 1141(a), the district courts have removal jurisdiction over any claim that could have been brought in federal court originally." *Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 686-87 (9th Cir. 2007). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  However, there are "a handful of 'extraordinary situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes." *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993).  "A complaint containing a completely preempted claim may be removed to district court under § 1441." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

  Plaintiff's complaint alleges state law claims for breach of contract and negligence.[1] The complaint does not contain a well-pleaded federal claim on its face as each claim relies exclusively on state law.  However, Defendant AAA filed a notice of removal under 28 U.S.C. § 1441(a) contending the Court has jurisdiction over this claim because Plaintiff's state law claims are completely preempted by the Carmack Amendment, 49 U.S.C. § 14706.  The Ninth Circuit has described the Carmack Amendment as "a uniform national liability policy for interstate carriers." *Hughes Aircraft Co. v. N. Am. Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir. 1992).  "It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property" as "Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Hall*, 476 P.3d at 688 (quoting *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003).  Because "the Carmack Amendment completely preempts a contract claim alleging loss or damage to property," the Court has removal jurisdiction over the instant case. *Id.*

---

[1] Plaintiff's complaint alleges two claims: breach of contract and negligence.  The breach of contract claim is against only Defendant Express Logistics. The negligence claim, however, is against all Defendants. Because Defendant Express Logistics has yet to appear in the underlying matter, the Court addresses only the claims against Defendants AAA and Clear Lane.

**B. Preemption and the Carmack Amendment**

"A fundamental principle of the Constitution is that Congress has the power to preempt state law." *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000). A federal statute completely preempts a state action when "the scope of a statute indicates that Congress intended federal law to occupy a field exclusively." *Freightliner Corp. v. Myrick*, 514 U.S. 280, 287 (1995). In 1906, Congress enacted the Carmack Amendment to the Interstate Commerce Act to establish a unified standard of liability for carriers transporting goods across state lines. The Supreme Court and the Ninth Circuit have held that the Carmack Amendment completely preempts state law claims relating to loss or damage of property against interstate carriers. *See, e.g., Missouri Pacific R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 137, (1964); *New York, New Haven & Hartford R.R. Co. v. Nothnagle,* 346 U.S. 128, 131, (1953); *Hall*, 476 F.3d at 688 (holding that the Carmack Amendment is the "exclusive cause of action" against a carrier of interstate goods, and this extends to "all manner of harms" arising from loss or damage to the shipment); *Hughes Aircraft Co.,* 970 F.2d at 613 (9th Cir. 1992) (holding that the Carmack Amendment preempts state law causes of action where the carrier is operating on a contract basis).

Defendants AAA and Clear Lane contend Plaintiff's state law claim is preempted by the Carmack Amendment because Plaintiff's complaint seeks to recover damages arising solely from the interstate transportation of Plaintiff's goods. Plaintiff contends the Carmack Amendment does not preempt its state law claims because the Carmack Amendment applies only to carriers, not brokers. The Court agrees the Carmack Amendment does not apply to brokers; however, Plaintiff's complaint and opposition does not allege any facts sufficient to support a finding that Defendants are brokers as opposed to carriers. *See Rohr, Inc. v. UPS-Supply Chain Solutions, Inc.*, 939 F. Supp.2d 1041 at n. 26 (S.D. Cal. Apr. 8, 2013); *Chubb Group of Ins. Cos. v. H.A. Transp. Sys., Inc.*, 243 F. Supp.2d 1064, 1069 (C.D. Cal. 2002) (holding that the Carmack Amendment applies only to carriers, not brokers). In fact, as Defendants AAA and Clear Lane state in their replies, Plaintiff's complaint unambiguously refers to Defendants as carriers. (Plaintiff's

Complaint, ("Pl.'s Comp."), ECF No. 1 at Exhibit A at ¶ 11) ("Plaintiff filed a claim for the lost Rectifier with Defendant Express Logistics, and during the claim process, discovered that Defendant AAA was used as the *carrier* of the Rectifier, NOT Defendant Clear Lane") (emphasis added); (*Id.* at ¶ 9) ("Plaintiff chose to use Defendant Clear Lane and Defendant Express Logistics issued Plaintiff a bill of landing that identified Defendant Clear Lane as the shipping *carrier*.") (emphasis added).  Nowhere in the complaint or opposition does Plaintiff allege Defendants acted as brokers as opposed to carriers. Because the Court must accept Plaintiff's allegations in the complaint as true, the Court finds the Carmack Amendment preempts Plaintiff's negligence claims against Defendants AAA and Clear Lane.  Thus, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's claims against Defendants AAA and Clear Lane.  However, because amendment would not be futile, the Court grants Plaintiff leave to amend its complaint to plead a claim under the Carmack Amendment.  Plaintiff shall file an amended complaint within 20 days of the filing of this Order.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Defendants' AAA and Clear Lane's motion to dismiss.  Plaintiff's negligence claim against Defendants' AAA and Clear Lane is dismissed but with leave to amend to plead a claim under the Carmack Amendment.

**IT IS SO ORDERED.**

Dated:  May 22, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court